**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SEYITHAN ONGULU, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03241-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Seyithan Ongulu petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 12). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at pp. 18-19). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), the Constitution, or the Administrative Procedures Act (the "APA"), the petition is DENIED.

## Background

Petitioner, a citizen of Turkiye, entered the United States illegally in September of 2024. (**Doc. 1**, p.1); (**Doc. 1-3**, p. 2). On October 13, 2024, DHS gave Petitioner a notice to appear, which identified him as an "alien present in the United States who has not been admitted or paroled." (**Doc. 1-2**, p. 1). DHS charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) and ordered him to appear before an immigration judge on November 18, 2024. (***Id.***). On October 25, 2024, DHS paroled Petitioner into the United States under 8 U.S.C. § 1182(d)(5)(A) pending removal proceedings. (**Doc. 1-1**, p. 1). On June 14, 2025, Petitioner filed an application for asylum. (**Doc. 1**, p. 5). On April 6,

2026, ICE arrested Petitioner and detained him without bond.  (**Id.** at p. 6); (**Doc. 1-3**, p. 3); (**Doc. 9**, p. 3).  He remains detained.  (**Doc. 1**, p. 1).

On April 22, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that because he is not a flight risk or a danger to the community, his mandatory detention is unlawful.  (**Id.** at p. 7).  He argues that 8 U.S.C. § 1225(b)(2)(A) should not apply to him because: (1) he has already entered the United States, and (2) his arrest warrant references 8 U.S.C. § 1226.  (**Id.** at pp. 12-13).  And he argues that DHS owed him notice and an opportunity to respond before revoking his release.  (**Doc. 13**, pp. 19, 22).  Petitioner alleges violations of the INA, substantive due process, procedural due process, and the APA.  (**Id.** at pp. 9-18).

The Government counters that *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), forecloses Petitioner's INA claim.  (**Doc. 9**, p. 3).  They argue that Petitioner, as an "applicant for admission," is only entitled to the procedural due process provided by Congress in Section 1225(b)(2)(A).  (**Id.** at p. 9).  And Petitioner's substantive due process claim fails because mandatory detention pending removal proceedings does not implicate a fundamental right.  (**Id.** at 9-10).  The Government does not address Petitioner's APA claims.

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful."  ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132,

2

1137 (D. Neb. 2025).  *See also **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden.  His mandatory detention pending removal proceedings is not contrary to the INA, substantive due process, or procedural due process.  And relief is not available under the APA.

## I.        Petitioner's continued detention does not violate the INA.

Two provisions of the INA provide for detention of aliens pending removal proceedings: INA section 235(b), codified at 8 U.S.C. § 1225(b); and INA section 236(a), codified at 8 U.S.C. § 1226(a).  Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  **8 U.S.C. § 1225(b)(2)(A)**.  Section 1226(a) says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  **8 U.S.C. § 1226(a)**.  If the alien is detained, the Attorney General may continue to detain them or release them on bond or conditional parole. **8 U.S.C. § 1226(a)(1)-(2)**.

Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission."  *See* **8 U.S.C. § 1225(b)(2)(A)**.  No immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted."  *See **id.***  DHS may properly rely on Section 1225(b)(2)(A) despite prior reliance on Section 1226(a).  And the Court may not review DHS's discretionary decision to revoke his parole.

### A. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila*, 170 F.4th at 1133. "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**.

Petitioner, a citizen of Turkiye, was detained at the border in 2024. He was placed in removal proceedings. He was paroled into the country pending those proceedings. At the time of his arrest on April 6, 2026, he was present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. Even if Petitioner was on parole, it makes no difference. *See* **8 U.S.C. § 1101(a)(13)(B)**. He is an "applicant for admission" under Section 1225(b)(2)(A).

### B. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." *Id.* at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b)(2)(A). *Id.* The Eighth Circuit held that Section 1225(b)(2)(A) authorized the alien's detention without bond. According to that court, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where he has lived since 2024. As discussed, he has not been admitted because he never made "lawful entry into the country." *See id.* at 1133. He is "seeking admission" under Section 1225(b)(2)(A).

### C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Immigration authorities found that Petitioner was subject to removal in 2024, released him, and ordered him to appear before an immigration judge. On April 6, 2026, immigration authorities again found that Petitioner was subject to removal. Petitioner presents no evidence of any other immigration determination. He is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. Section 1225(b)(2)(A) permits the Government to detain him without bond.

### D. The Government may detain Petitioner under Section 1225(b)(2)(A) despite prior classification under Section 1226(a).

Petitioner argues that DHS detained him under Section 1226(a) on April 6, 2026, so Section 1226(a) applies to his continued detention. He presents only an arrest warrant that references Section 1226 among other provisions. Assuming without deciding that Petitioner was initially detained under Section 1226(a), DHS may now detain him without bond under Section 1225(b)(2)(A). Petitioner is still an "applicant for admission," "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And "the mere failure of [DHS]" to initially detain Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See Avila*, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." *Id.* (cleaned up).

5

**E. The Court may not review Petitioner's statutory challenge to Government's discretionary decision to revoke his parole.**

Petitioner argues that the Government's revocation of his parole was "in excess of statutory authority." (**Doc. 1**, p. 16). DHS has discretion to grant or deny parole under 8 U.S.C. § 1182(d)(5)(A). And DHS may "at any time revoke" bond or parole and detain an alien. **8 U.S.C. § 1226(b)**. "No court may set aside" the decision to revoke bond or parole. **8 U.S.C. § 1226(e)**. DHS exercised discretion when it revoked Petitioner's parole. The Court may not review DHS's discretionary decision in the context of Petitioner's statutory challenge.

**II. Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See **id.*** at 728. *See also **Minnesota Deer Farmers***, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny.").

6

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." ***Zadvydas***, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." ***Demore v. Kim***, 538 U.S. 510, 523-26 (2003) (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." ***Id.*** at 522. "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See **Glucksberg***, 521 U.S. at 721. He claims a right to be free from physical restraint generally. His substantive due process claim fails for that reason alone.

Regardless, removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending deportation proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See **Minnesota Deer Farmers***, 146 F.4th at 670; ***Demore***, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original); ***Romero v. Brown***, 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See **Baynee v. Garland***, 115 F.4th 928, 931-33 (8th Cir. 2024). Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See **Demore***, 538 U.S. at 528.

7

**III.    Petitioner's continued detention does not violate procedural due process.**

Petitioner urges the Court to evaluate his procedural due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. (**Doc. 1**, p. 13).  *See Mathews v. Eldridge*, 424 U.S. 319 (1976).  He complains that his mandatory detention under Section 1225(b)(2)(A) fails that test because he has lived in the United States since 2024, he is not a flight risk, and he is not a danger to the community.  (**Doc. 13**, pp. 20-22).  The Government responds that Section 1225(b)(2)(A) provides all the procedural due process due to Petitioner.  (**Doc. 9**, p. 4).  They claim that "lawful admission—not physical entry—is the touchstone" for when procedural due process requires more.  (**Id.** at p. 7).

The Government is right.  Aliens may be detained pending removal proceedings "simply by reference to the legislative scheme."  *See Baynee*, 115 F.4th at 932.  *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").  In *Demore*, the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  *See Demore*, 538 U.S. at 531.  The Court favorably cited Section 1226(c)'s limitation of detention pending removal.  *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite).  And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings.  *Baynee*, 115 F.4th at 933.  That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'"  *Id.*, *quoting Demore*, 538 U.S. at 527.

Here, Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A).  Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal

proceedings.  Petitioner concedes that he is being detained pending removal proceedings.  He presents no evidence that the Government is detaining him for any other reason.  Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending deportation, procedural due process requires no more.  *See **Baynee***, 115 F.4th at 932.

### IV.    Petitioner's APA claims fail because there has not been final agency action and he has an adequate remedy in court.

The APA only "provides for review of a final agency action for which there is no other adequate remedy in a court."  *See **Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025).  Agency action is final if it marks "the consummation of the agency's decision-making process" and is not "merely tentative or interlocutory in nature."  ***Id.***  The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review."  ***Bangura v. Hansen***, 434 F.3d 487, 501 (6th Cir. 2006); ***Bowen v. Massachusetts***, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.").  Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas."  ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (holding that APA claims and habeas claims follow different litigation paths).  *See also **Preiser v. Rodriguez***, 411 U.S. 475, 486 (1973) (holding that habeas corpus is "the specific instrument to obtain release" from unlawful confinement).

Here, Petitioner's confinement is "interlocutory in nature" because it stems from—and is contingent upon—ongoing removal proceedings.  *See* **8 U.S.C. § 1225(b)(2)(A)**.  And this petition provides judicial review of the Government's decision to detain Petitioner.  As discussed, 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of

9

immigration-related detention.  *See **Zadvydas***, 533 U.S. at 687.   So there is an "adequate remedy in court," which precludes Petitioner's APA claims.  *See **Union Pac. R.R.***, 162 F.4th at 917.  *See also **Dominguez v. Mordant***, 2026 WL 1098252, at \*3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

### Conclusion

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b)(2)(A).  His continued detention does not violate the INA, substantive due process, or procedural due process.  And his APA claims fail.  The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2026

10